# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SONIA GONZALEZ,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:17-cv-03118-APG-NJK

**REPORT AND RECOMMENDATION**

On October 16, 2019, this case was reassigned to the undersigned magistrate judge. Docket No. 23. This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 19. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 21.

**I.   STANDARDS**

    A.   Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.     Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522, 416.921, 416.922. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe

medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     BACKGROUND**

   A.     Procedural History

On February 5, 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging a disability onset of May 4, 2011. *See, e.g.*, Administrative Record ("A.R.") 232-42. Plaintiff's claims were denied initially on October 17, 2013, and upon reconsideration on October 8, 2014. A.R. 130-34, 142-52. On October 30, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 153-54. On February 12, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Norman L. Bennett. A.R. 33-52. On April 19, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 14-32. On November 1, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On December 27, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. A.R. 18-26. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and has not engaged in substantial gainful activity since May 4, 2011. A.R. 19. At step two, the ALJ found that Plaintiff has the following severe impairments: mild osteoarthritis of the bilateral knees, lupus, degenerative disc disease of the lumbar spine, and obesity. A.R. 19-21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 21. The ALJ found that Plaintiff has the residual functional capacity to

> lift and/or carry ten pounds occasionally, five pounds frequently, stand and/or walk for two hours in an [eight]-hour workday and sit for six hours in an [eight]-hour workday. She could never climb ladders, ropes or scaffolds but [she could] occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She needed to avoid work at heights or around dangerous moving machinery due to her symptoms of possible loss of balance. She was also limited to simple, repetitive tasks.

A.R. 21-25. At step four, the ALJ found Plaintiff is not capable of performing past relevant work. A.R. 25. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 25-26. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-44 at the time of the alleged disability onset date with at least a high school education and ability to communicate in English. A.R. 25. The ALJ found the transferability of job skills to be immaterial. A.R. 25. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a telephone information clerk, bench assembler, and tax preparer. A.R. 25-26.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits and supplemental security income. A.R. 26.

### III. ANALYSIS AND FINDINGS

Plaintiff raises a single argument on appeal, contending that the ALJ erred in improperly discounting her testimony. *See* Mot. at 5-10. The Commissioner responds that the ALJ articulated permissible factors supported by substantial evidence in discounting that testimony. *See* Resp. at 4-10. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of evidence of malingering, an ALJ may only reject the individual's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

In this case, the ALJ discounted Plaintiff's testimony based on the inconsistency with relatively normal findings in the medical record, lengthy gaps in Plaintiff seeking treatment, Plaintiff's improvement when she did get treatment, and Plaintiff's demonstrated abilities evidenced by, *inter alia*, her daily activities. A.R. 22-23. As the numerous records that are accurately cited in the ALJ's decision make clear, each of these findings is supported by substantial evidence. *See id.* Moreover, each of these factors are permissible considerations in an ALJ's decision to discount a claimant's testimony. *See, e.g.*, *Burch*, 400 F.3d at 681 (lack of objective medical evidence among other factors); *Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015)

(gaps in treatment); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (improvement with treatment); *id.* at 600 (daily activities).[2]

Accordingly, the ALJ did not err in his evaluation of Plaintiff's testimony.

## IV. ADMONISHMENT OF COUNSEL

"[I]t behooves counsel to learn from this misadventure that appealing just because you can is unprofessional, as is indiscriminately throwing fatuous . . . arguments against the wall to see if something sticks. Worse, to suggest to a client that claims and arguments like these have merit is beyond the pale. . . . In the final analysis, the most important thing an attorney can have is judgment, not a word processor." *Jeffries v. Las Vegas Metr. Police Dept.*, 713 Fed. Appx. 549, 553 (9th Cir. 2017) (Trott, J., concurring).

This appeal should never have been filed because Plaintiff's arguments are obviously lacking in merit. Moreover, it seems apparent that Plaintiff's counsel knows as much, which led to the filing of a motion that relies in large part on nothing more than *ipse dixit* that the ALJ erred. As one of several examples, the motion argues with respect to Plaintiff's improvement with treatment in total as follows:

> The ALJ found that Gonzalez's conditions had improvement with treatment over time. AR 22-25. The ALJ's analysis is problematic because it fails to adequately consider Gonzalez's condition as a whole. *Reddick v. Chater* 157 F 3d 715, 720 (9th Cir 1998) (the Commissioner and his ALJ's must view the record as a whole and cannot parcel out a quantum of evidence here and there).

Mot. at 8. The motion includes no additional argument on this factor, nor any citation to the record. Moreover, no reply was filed. Counsel's lack of effort presumably tracks the recognition of the lack of merit in the arguments being advanced in a half-hearted manner.

---

[2] Plaintiff argues that the substantial evidence relied upon by the ALJ must be disregarded because Plaintiff contends that she had a good work history from 1999 to 2009 that was not sufficiently considered. Mot. at 10. Assuming the factual predicate that there is a strong work history here, this argument lacks merit given that "an ALJ's silence on a claimant's strong work history is not enough to negate the substantial evidence supporting" an ALJ's discounting of Plaintiff's testimony. *Connors v. Colvin*, 2016 WL 7757269, at *7 (D. Nev. Dec. 7, 2016) (citing *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016)), *adopted*, 2017 WL 149802 (D. Nev. Jan. 12, 2017).

8

Attorney Cyrus Safa[3] is reminded of his obligations as an officer of the Court to only present arguments that have reasonable bases in fact and law. *See, e.g.*, Fed. R. Civ. P. 11(b). If no such arguments exist, then an appeal should not be filed. The Court has provided similar admonitions elsewhere. *See, e.g.*, *Smith v. Berryhill*, 2019 WL 908243, at *5 (D. Nev. Jan. 31, 2019), *adopted*, 2019 WL 861386 (D. Nev. Feb. 21, 2019). Counsel needs to take heed as <u>similar violations in the future may result in the imposition of sanctions.</u>

### V. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 19) be **DENIED**, and that Defendant's Cross-Motion to Affirm (Docket No. 21) be **GRANTED**.

Dated: November 15, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[3] It is unclear who made the decision to pursue this appeal and who wrote the motion. On both the complaint and the motion, attorney Monica Perales' email address is used in the caption (in lieu of Mr. Safa's email address) and she is identified as being "of counsel" on the signature page. *See* Mot. at 1, 11; Compl. at 1, 4. One might guess that Ms. Perales is the attorney actually steering this litigation. *But see In re Discipline of Lerner*, 197 P.3d 1067 (Nev. 2008) (*en banc*) (imposing discipline for out-of-state attorney improperly practicing law in Nevada and for in-state attorney abetting that unauthorized practice of law). Because it is Mr. Safa who actually filed and signed the motion, however, he is the attorney being cautioned herein.

9